David E. Schlesinger, AZ Bar No. 025224
schlesinger@nka.com
Timothy C. Selander, MN Bar No. 0387016*
selander@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Tel: (612) 256-3200
Fax: (612) 215-6870

Matthew C. Helland, CA Bar No. 250451*
helland@nka.com
Daniel S. Brome, CA Bar No. 278915*
dbrome@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Tel: (415) 277-7235
Fax: (415) 277-7238
(*admitted *pro hac vice*)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Villarreal, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>Caremark, L.L.C.<br>        Defendant. | Case No.: CV-14-00652-PHX-NVW<br><br>**FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR DAMAGES** |

-1-

FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR DAMAGES

Plaintiff Christine Villarreal ("Plaintiff"), on her own behalf and on behalf of all similarly situated individuals, by and through her attorneys Nichols Kaster, PLLP brings this action against Defendant Caremark, L.L.C. ("Caremark" or "Defendant"), for damages and other relief relating to violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*.

2. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391 because Plaintiff worked for Defendant in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

3. Defendant's corporate headquarters is located in Woonsocket, Rhode Island.

4. According to its website, Defendant is the largest pharmacy health care provider in the United States. Further, its website indicates that it "manages pharmaceutical costs and improves healthcare outcomes" through its pharmacy benefit management, mail order and specialty pharmacy division, pharmacy retail stores, retail-based medical clinic subsidiary (MinuteClinic), and online retail pharmacy.

5. According to its website, Defendant employs over 200,000 individuals in 45 states within the United States. In addition, according to its Form 10-K, it operates over 7,600 retail stores, and maintains corporate offices in Arizona, Illinois, and Texas.

6. At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d). Specifically, Defendant provides pharmaceutical health care services and products to consumers nationwide. Upon information and belief,

Defendant's gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

7. Plaintiff Christine Villarreal is an adult resident of the State of Arizona. Plaintiff is currently employed by Defendant as a Coding Consultant. Upon information and belief, Defendant changed Plaintiff's job title to Coding Consultant at the end of 2013. Prior to the change, at various times Defendant referred to Plaintiff as a "Client Benefits Analyst" and "Benefits Specialist." At all relevant times, Plaintiff's job duties have remained consistent regardless of her job title.

8. During her employment with Defendant, Plaintiff has been employed at Defendant's office in Scottsdale, Arizona.

9. At all relevant times, Plaintiff has been Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

10. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as Coding Consultants, Client Benefits Analysts, Benefits Specialists, and in other positions with similar job titles and/or job duties for Defendant. The proposed collective class is defined as follows:

> All persons who worked as Coding Consultants, Client Benefits Analysts, Benefits Specialists, and in other positions with similar job titles and/or job duties for Defendant at any time from three years prior to the filing of this Complaint through the entry of judgment (the "FLSA Collective").

11. Plaintiff and other opt-in Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Their consent forms have previously been filed with the Court. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

12. Plaintiff and the FLSA Collective are or were employed by Defendant within the meaning of the FLSA.

13. Defendant paid Plaintiff and the FLSA Collective a salary and classified them as exempt employees.

14. Defendant improperly classified Plaintiff and the FLSA Collective as exempt from the FLSA's overtime pay requirements.

15. Upon information and belief, Defendant informed Plaintiff and certain members of the FLSA Collective that it reclassified their positions to non-exempt, effective March 30, 2014. Specifically, Defendant informed them that it will pay them an overtime premium when they work more than forty (40) hours in a workweek after the reclassification.

16. Plaintiff and the FLSA Collective routinely worked over forty (40) hours in a workweek and were not compensated by Defendant with overtime pay for the overtime hours they worked. By way of example only, Plaintiff regularly worked at least forty hours in the office during the week, and worked at home on weeknights during those weeks. She also often worked on the weekends after working at least forty hours during the week.

17. Members of the FLSA Collective also worked long overtime hours, just like Plaintiff. By way of example only, the opt-in Plaintiffs who have already joined this case also often worked at home on weeknights during weeks in which they worked at least forty hours in the office. They also often worked on weekends after working at least forty hours during the week

18. Defendant was both aware of and required this overtime work. Specifically, it was Defendant's policy and practice to set project deadlines that required overtime work and to call Plaintiff and members of the FLSA Collective at home during the evenings and on weekends requesting that they continue working in order to meet deadlines.

19. Defendant is and was aware that Plaintiff and the FLSA Collective worked under these conditions. Despite that knowledge, Defendant denied them overtime compensation.

FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR DAMAGES

20. Prior to the March 30, 2014 reclassification, Defendant uniformly misrepresented to Plaintiff and the FLSA Collective that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiff and the FLSA Collective are, and were, non-exempt employees who are, and were, entitled to overtime pay.

21. Defendant failed to make, keep, and preserve records of the hours worked by Plaintiff and the FLSA Collective.

22. Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

23. Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective. Defendant is and was aware that Plaintiff and the FLSA Collective performed non-exempt work that required overtime pay. This is evidenced by, among other things, the fact that Defendant reclassified Plaintiff and the FLSA Collective to non-exempt as of March 30, 2014. When Defendant reclassified the position, Plaintiff's job duties, and the job duties of the FLSA Collective, remained the same. However, Defendant failed to pay back-pay to Plaintiff and members of the FLSA Collective when it reclassified the position.

24. Defendant is and was aware of the FLSA's requirements. On occasion, Defendant would offer a "comp day" in a later week in exchange for weekend work. Defendant knew this arrangement was unlawful, as evidenced by the fact that it would treat the comp day as an "under the table" bonus.

25. Prior to reclassification, Defendant uniformly misrepresented to Plaintiff and the FLSA collective that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiff and the FLSA Collective are, and were, nonexempt employees who are, and were, entitled to overtime pay. For example, Plaintiff and the FLSA Collective performed prescription benefits coding for Defendant. This entailed entering information pertaining to a drug into Defendant's system based on parameters set by Defendant's clients. Plaintiff and the FLSA Collective did not have the authority to determine which drugs would be covered or which parameters would be used.

-5-
FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR DAMAGES

The relevant job duties of Plaintiff and the FLSA collective were substantially similar, regardless of their specific job title, division, office location, supervisor, or assigned client.

26. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

27. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CAUSE OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(on behalf of Plaintiff and the FLSA Collective)**

28. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

29. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

30. Plaintiff and the FLSA Collective are employees entitled to FLSA overtime compensation for all hours worked in excess of forty (40).

31. Plaintiff and the FLSA Collective routinely work(ed) in excess of forty (40) hours per week, but did not receive the appropriate overtime compensation from Defendant.

32. By failing to pay overtime compensation, Defendant violated the FLSA.

33. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records

-6-

with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 255(a).

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

35. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendant for violation of the overtime provisions of the FLSA;

D. Judgment that Defendant's violations were willful;

E. Judgment that Defendant failed to maintain accurate time records of all the hours worked by Plaintiff and the FLSA Collective in violation of the FLSA;

F. An award in an amount equal to unpaid back wages due to Plaintiff and the FLSA Collective at the applicable overtime rate;

G. An award to Plaintiff and the FLSA Collective for the amount of unpaid wages owed, liquidated damages and penalties

where provided by law, and interest thereon, subject to proof at trial;

H. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

I. An award of prejudgment interest to the extent liquidated damages are not awarded;

J. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

K. Leave to amend to add state law claims; and

L. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: May 21, 2014            NICHOLS KASTER, PLLP

*/s/* Matthew C. Helland
MATTHEW C. HELLAND
DANIEL S. BROME
DAVID E. SCHLESINGER
TIMOTHY C. SELANDER

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE FLSA COLLECTIVE**

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 720, San Francisco, California, 94111.

On May 21, 2014 I served true copies of the following document(s):

PLAINTIFF'S NOTICE OF CONSENT FILING

on the interested parties in this action as follows:

James N. Boudreau
boudreauj@gtlaw.com
Dana Hooper
hooperd@gtlaw.com
GREEN TRAURIG, LLP
2753 East Camelback Road, Suite 700
Phoenix, Arizona 85016

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 21, 2014, at San Francisco, California.

By:   s/ Matthew C. Helland
      Matthew C. Helland

-1-

FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR DAMAGES