**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

James N. Boudreau (admitted *pro hac vice*)
boudreauj@gtlaw.com
Dana L. Hooper, SBN 023801
hooperd@gtlaw.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTINE VILLARREAL, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAREMARK, L.L.C.,<br><br>Defendant. | Case No. 2:14-cv-00652-NVW<br><br>**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR DAMAGES** |

In accordance with Fed. R. Civ. P. 12(b)(6), Defendant Caremark, L.L.C. ("Caremark" or "Defendant"), by and through undersigned counsel, moves to dismiss Plaintiff's First Amended Collective Action Complaint for Damages filed on May 21, 2014 (the "FAC") (Dkt. 26). The following Memorandum of Points and Authorities and all matters of record support this Motion, which Caremark incorporates herein by reference.

**PRELIMINARY STATEMENT**

Plaintiff Christine Villarreal ("Plaintiff" or "Ms. Villarreal") filed her initial complaint commencing this action on March 31, 2014 (the "Original Complaint"). (Dkt. 1). Because the Original Complaint lacked basic allegations of fact necessary to state a viable claim for misclassification and resulting unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), Caremark moved to dismiss it pursuant to Fed. R. Civ. P. 12(b)(6) on May 13, 2014. (Dkt. 25). After Caremark filed

its Motion to Dismiss, Ms. Villarreal's counsel informed Caremark that Ms. Villarreal intended to amend her complaint in response. Accordingly, the parties agreed that Ms. Villarreal would amend her complaint in an effort remedy its deficiencies, and, in turn, Caremark would voluntarily withdraw its Motion to Dismiss. (Dkt. 21, Dkt. 28).

On May 23, 2014, Ms. Villarreal filed her FAC. Although it includes more allegations of fact, the new allegations largely miss the mark. Despite the increased "bulk," the new allegations still do not address the deficiencies extant in the Original Complaint. In other words, Ms. Villarreal simply has not cured the main defects plaguing the Original Complaint. As a result, as with the Original Complaint, Caremark now moves to dismiss the FAC[1].

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

The named plaintiff, Ms. Villarreal, alleges that Caremark misclassified her, and others similarly situated, as exempt employees and, therefore, failed to pay them overtime compensation. The FAC asserts only one Count: "Violation of the Fair Labor Standards Act- Failure to Pay Overtime (on behalf of Plaintiff and the purported FLSA Collective)." The lone Count, however, is defective for two critical and independent reasons.

First, rather than plead facts sufficient to state a valid misclassification claim under the FLSA, Ms. Villarreal just relies on Caremark's decision to reclassify her position as proof of the alleged misclassification. An employer's decision to reclassify a position from exempt to non-exempt by itself, however, does not state a valid misclassification claim as a matter of law. Second, putting Ms. Villarreal's failure to plead a proper misclassification claim aside, she fails to allege salient facts that make out a plausible claim for overtime damages. Indeed, the FAC lacks even the most basic of facts, failing to allege, *inter alia*, a description of Ms. Villarreal's job duties, her pay

---

[1] Counsel for the parties conferred before filing the instant Motion and were unable to resolve the issues regarding the defects in the FAC giving rise to this Motion.

- 2 -

rate, her scheduled hours, the actual hours she claims to have worked, or the amount of overtime hours for which she claims Caremark did not pay her. The absence of these crucial facts is telling as Caremark has already informed Ms. Villarreal of these precise deficiencies in its motion to dismiss the Original Complaint. Despite a second bite at the apple, Ms. Villarreal still fails to provide salient facts which support a claim for overtime under the FLSA. In short, Plaintiff's FAC, just like her first, is the very type of boilerplate, conclusory pleading that courts routinely dismiss in wage and hour cases pursuant to Fed. R. Civ. P. 12(b)(6), and the result should be no different here.

## II. THE COMPLAINT'S ALLEGATIONS

Caremark currently employs Ms. Villarreal as a Coding Consultant in a facility located in Scottsdale, Arizona. According to Ms. Villarreal, Caremark previously referred to her position as a "Client Benefits Analyst" and/or "Benefits Specialist." (FAC ¶ 7). She asserts that "[u]pon information and belief, Defendant informed Plaintiff and certain members of the FLSA collective that it reclassified their positions as non-exempt, effective March 30, 2014." (FAC ¶ 15). Thus, according to the FAC, since March 30, 2014, Caremark has paid Ms. Villarreal overtime in those instances (if any) when she has worked more than forty (40) hours in a given workweek. Before the "reclassification," however, Caremark did not pay overtime if Ms. Villarreal worked more than forty (40) hours in a week because, at that point in time, Caremark considered her position as exempt from FLSA overtime requirements. (FAC ¶¶ 13, 15, 16).

Despite the purportedly broad sweep of the alleged misclassification at issue, the FAC conspicuously lacks any allegations regarding:

- Ms. Villarreal's actual job duties (other than one example in FAC ¶ 25);
- her actual rate of pay;
- her scheduled hours;
- the actual hours she worked; or

- 3 -

- the hours she claims to have worked but for which Caremark did not pay her.

After a second attempt, Ms. Villarreal's FAC remains deficient and this Court should dismiss it in its entirety, pursuant to Rule 12(b)(6).

## III. LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff has the burden of establishing that his or her complaint alleges sufficient facts demonstrating a claim that is *plausible* on its face, not just merely *possible*. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Such allegations must be "more than labels and conclusions, and a formulaic recitation of elements of a cause of action." *Twombly*, 550 U.S. at 555. Naked assertions of wrongdoing without some "factual enhancement" will not meet the plaintiff's burden. *Id*. at 557; *see also Iqbal*, 556 U.S. at 1950 (noting that under Rule 8(a)(2), it is not enough if the complaint causes the court to infer "the mere possibility of misconduct").

Importantly, when assessing the viability of a complaint's allegations, a court is not required to accept as true purported allegations of fact that are really just legal conclusions. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (the "[c]ourt does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint"). This is because the purpose of Rule 12(b)(6) is to "streamline litigation by dispensing with needless discovery and factfinding" and to eliminate baseless claims. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); s*ee also Twombly*, 550 U.S. at 556 (where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'") (citation omitted). It therefore stands to

reason that "[t]hreadbare recitals of the elements of a cause of action, supplied by mere conclusory statements, do not suffice. [The] pleading standard [of] Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted); *DeJesus v. HF Mgmt. Svcs., LLC*, 726 F.3d. 85, Docket No. 12-4565, 2013 WL 3970049 (2d Cir., Apr. 30, 2013) ("A complaint must contain more than naked assertion[s] devoid of further factual enhancement") (citations and internal quotations omitted).

Measured against these standards, it is readily apparent that the FAC does not meet the pleading requirements mandated by the Supreme Court's *Twombly/Iqbal* standards. The FAC is nothing more than an unadorned "the-defendant-unlawfully-harmed-me" accusation. *Iqbal*, 129 U.S. at 678. Almost all of Ms. Villarreal's allegations consist of legal conclusions, some copied from the FLSA regulations, that do nothing more than raise the "possibility" of misclassification and failure to pay overtime, which is insufficient under *Twombly* and *Iqbal*. In other words, and as fully explained below, Ms. Villarreal has failed to allege sufficient facts that "nudge[]" her claims across the line from conceivable to plausible." As a result, this Court should dismiss it. *See Twombly*, 550 U.S. at 570.

## IV.   ARGUMENT

### A.   The FAC Fails To Allege A Plausible Claim Of Misclassification.

The crux of Ms. Villarreal's claim is that Caremark's reclassification of her position from exempt to non-exempt, effective March 30, 2014, automatically states a claim for violation of the FLSA, *i.e.*, that the mere fact of reclassification is sufficient to establish, at least for pleading purposes, that Caremark previously misclassified her and other "similarly situated" employees. Courts, however, disagree and have expressly ruled that an employer's decision to reclassify an employee's exempt status does not establish that the employee was previously misclassified, much less give rise to a per se FLSA violation. In light of this legal reality, Ms. Villarreal's failure to allege facts from which this Court could find that Caremark misclassified her as exempt is fatal. In short,

Ms. Villarreal's sparse pleading fails to transform her conclusory allegation of misclassification from the possible to the plausible.

As an initial matter, as noted above, courts have specifically rejected the fundamental assumption that underlies Ms. Villarreal's entire complaint. In *Clarke v. JP Morgan Chase Bank,* the court held that an employer's decision to reclassify an employee from exempt to non-exempt (*i.e.*, overtime eligible) does not establish that the employee was "misclassified." No. 08 Civ. 2400 (CM)(DCF), 2010 WL 1379778, at *22 (S.D.N.Y. Mar. 26, 2010) ("The mere fact that an employee was reclassified cannot establish an employer's liability for the period prior to reclassification.") Rather, an employer's reclassification is to be viewed as a "good-faith effort to ensure that its classification of [IT] employees complied with the FLSA." *Id.* at *12.

In a more recent decision, *Birdsong v. AT&T Corp. et al.*, a district court within the Ninth Circuit similarly held that reclassification does not trigger a finding of misclassification, much less FLSA liability. No. C12-6175 TEH, 2013 WL 1120783, at *1 (N.D. Cal. Mar. 18, 2013) (dismissing complaint that alleged unpaid overtime wages for hours worked prior to reclassification on pleading grounds in reliance on *Twombly*, *Iqbal*, and *Clarke*). In *Birdsong*, the plaintiff – like Plaintiff here – claimed that her employer had previously violated the FLSA by failing to pay her overtime. She based this conclusion on the fact that her employer reclassified her position from exempt to non-exempt, thereby allegedly providing the necessary proof of an alleged "misclassification." *Id*. at *4. In rejecting this theory, and ultimately dismissing her case, the *Birdsong* court held that "[r]eclassification, without more, is insufficient to establish that an employee was misclassified before the reclassification." *Id.* "Were the law otherwise, *every* reclassification would give rise to a cause of action by the reclassified employees." *Id*.

Having determined that the mere fact of reclassification was insufficient to state a viable FLSA claim, the court turned its attention to the complaint's specific allegations. Birdsong's complaint however, contained no specific allegations

- 6 -

concerning her actual job duties, or why they gave rise to a claim of misclassification. The *Birdsong* court thus dismissed the complaint, concluding that the plaintiff provided "no facts in support of her conclusion that she was *mis* classified." *Id.*; *see also, e.g., Perez v. Time Moving & Storage, Inc.*, 2009 U.S. Dist. LEXIS 17065, *2-3 (S.D.N.Y. Jan. 16, 2009) ("the need for specific factual allegations about what the plaintiffs do every day [was] particularly important," given the potential applicability of FLSA's exemption).

The result should be no different here. Ms. Villarreal relies on the same unavailing misclassification theory as in *Clarke* and *Birdsong*. The FAC similarly does not allege sufficient facts to make her misclassification claim plausible under the *Twombly/Iqbal* standard. Ms. Villarreal's "factual" allegations of misclassification consist of the following:

- Caremark improperly classified her and "similarly situated employees" as exempt from the FLSA's overtime pay requirements. (FAC ¶ 14);

- Upon information and belief, Caremark informed her and certain members of the FLSA Collective that it reclassified their positions to non-exempt, effective March 30, 2014. Specifically, Caremark told them that it would henceforth pay them an overtime premium when they worked more than forty (40) hours in a workweek. (FAC ¶ 15); and

- Before the March 30, 2014 reclassification, Caremark allegedly uniformly misrepresented to Ms. Villarreal and the putative collective action members that they were exempt employees and therefore ineligible to receive overtime pay. (FAC ¶ 20.)

These allegations are precisely the type of vague, legal conclusions and "[t]hreadbare recitals" deemed insufficient under the *Twombly/Iqbal* standard by the courts in *Clarke* and *Birdsong*. *Iqbal*, 556 U.S at 678. As a foundational matter, specific job duties may impact the individual's entitlement to relief under the FLSA. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F. 3d 935, 945-46 (9th Cir. 2009) (explaining that FLSA exemption analysis requires individualized inquiry into manner each employee actually carried out his or her job duties). Courts require plaintiffs in

- 7 -

wage and hour cases, especially related to exempt status, to substantiate their conclusory statements with factual allegations regarding their employment, including their job duties and the job duties they claim to have performed during the alleged unpaid work. *See Maradiaga v. Pyle*, Civ. No. 2:11-cv-06096 (WJM), 2012 WL 3038596, at *2 (D.N.J. July 25, 2011) (dismissing complaint in part because it failed to allege "any description of Plaintiff's duties"); *see also Birdsong*, 2011 WL 1120783, at *4 (citing *Vinole*, 571 F. 3d at 945).

### B. The FAC Fails to Plead Sufficient Facts That Make Ms. Villarreal's Overtime Claim Plausible.

Even if this Court determines that Ms. Villarreal adequately pleaded the predicate misclassification as a basis for FLSA liability (which she did not), her FLSA claim still cannot survive because the FAC fails to plead sufficient facts which make Ms. Villarreal's overtime claim plausible. In particular, the FAC lacks even the most basic information necessary to state a plausible FLSA overtime claim. Ms. Villarreal alleges nothing with respect to her pay rate, her scheduled hours, the actual hours she claims to have worked, or the amount of overtime hours for which she claims Caremark did not pay her.

In line with the *Twombly/Iqbal* standard, courts require wage and hour plaintiffs to offer more than formulaic recitations of a cause of action's elements. They must bolster such labels and conclusions with allegations of fact which tend to show that the named plaintiff (and any putative collective action members) in fact worked unpaid overtime. *See, e.g., Anderson v. Blockbuster, Inc.*, No. 2:10-cv-00158, 2010 U.S. Dist. LEXIS 53854, at *6-9 (E.D. Cal. May 4, 2010) (dismissing complaint where Plaintiff failed to state "when or how Defendant failed to pay the required wages"); *Harding v. Time Warner, Inc.*, No. CV 09-1212, 2010 U.S. Dist. LEXIS 5896, at *15 (S.D. Cal. Jan. 26, 2010); *Wilson v. Pioneer Concepts, Inc.*, No. 11 C 2353, 2011 WL 3950892, at *2 (N.D. Ill., Sept. 1, 2011) (relying upon *Twombly/Iqbal* standard in dismissing FLSA claim based on allegations that plaintiff and other unidentified employees worked an unidentified number of extra hours and worked overtime without

- 8 -

compensation); *see also, Jones v. Casey's General Stores*, 538 F.Supp. 2d 1094, 1102 (S.D. Iowa) (allegations such as "[d]efendant . . . regularly and repeatedly failed to compensate Plaintiffs and similarly situated individuals for all hours actually worked" are nothing more than "generic, conclusory assertions" and cannot establish a plausible claim).

Notably, simply asserting that the plaintiff "regularly worked" more than forty hours per week does not state a valid FLSA overtime claim. *Pruell v. Caritas Christi*, 678 F.3d. 10, 12 (1st Cir. 2012). Such a formulation is "one of those borderline phrases" that while not stating an "ultimate legal conclusion[]," is "nevertheless so threadbare or speculative that [it] fails to cross the line between the conclusory and factual." *Id.* at 13; *DeJesus*, 2013 WL 3970049, at *4 (holding that requirement to allege overtime in a "given" workweek "was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks'"). Accordingly, courts increasingly require plaintiffs to "provide an approximation of the number of unpaid weekly overtime hours worked over the employment period." *Attanasio v. Cmty. Health Sys., Inc.*, No. 3:11-CV-582, 2011 WL 5008363, at *7 (M.D. Pa. Oct. 20, 2011); *see also Wilson v. Pioneer Concepts Inc.*, No. 11-cv-2353, 2011 WL 3950892, at *3 (N.D. Ill. Sept. 1, 2011) (dismissing overtime claim where plaintiff did not allege when she worked overtime hours or how many overtime hours she worked without compensation); *Mell v. GNC Corp.*, No. 10-945, 2010 WL 4668966, at *7 (W.D. Pa. Nov. 9, 2010) (dismissing complaint where plaintiffs only alleged that they "'regularly worked in excess of Forty (40) hours per week'" and failed to allege "approximately how many hours each week they worked without being paid"). Indeed, such an approximation is "the critical component of a complaint alleging" an FLSA overtime violation. *Maradiaga*, 2012 WL 3038596, at *2 (holding that "an estimate of [plaintiff's] overtime hours . . . must be included in the complaint in order to state a claim").

Here, even a cursory review of the FAC reveals that Ms. Villarreal fails to allege

- 9 -

facts necessary to sustain her overtime claim, and this profound void mandates dismissal of this case. *Pazda v. Blast Fitness Grp. Pers. Training, LLC*, No. 13-cv-00326, 2013 WL 4659688, at *3 (N.D. Ill. Aug. 29, 2013) (dismissing wage and hour complaint that did not allege facts that showed plaintiff worked more than forty hours in a week, such as when plaintiff worked, how many hours plaintiff worked, or how much plaintiff was paid); *Kwan Bom Cho v. GCR Corp.*, No. 12-C-4562, 2013 WL 675066, *2 (N.D. Ill. Feb. 22, 2013) (dismissing claims where although plaintiffs claimed they worked in excess of forty hours per week they did not allege supporting facts); *Robertson v. Steamgard*, No. 11 C 8571, 2012 WL 1232090, at *1 (N.D. Ill. Apr. 12, 2012) (granting motion to dismiss where plaintiff pled that he regularly worked more than 40 hours per week and was not paid proper overtime; "the factual allegations in the complaint are exceptionally terse and do not enable the reader of the complaint to understand any of the factual underpinnings of the claims").

This Court should reach the same result as the bevy of courts before it. After all, the FAC contains the precise type of generic, speculative and legal conclusions routinely admonished by courts in the wage and hour context. For instance, Ms. Villarreal's allegation that she, and others similarly situated, "routinely worked over forty (40) hours in a workweek and were not compensated by Defendant with overtime hours they worked" is both ambiguous and conclusory. (FAC ¶ 16.) Ms. Villarreal provides one vague example in an effort to support this improper legal conclusion. She alleges that Ms. Villarreal and the purported FLSA Collective "regularly worked" at least forty hours in the office during the week, worked at home on weeknights during those weeks, and "often worked on weekends." (*Id.* at ¶¶ 16-17). Conspicuously absent are allegations concerning when Ms. Villarreal and/or the FLSA Collective worked, how many hours they worked, or how much Caremark paid them. *See Pazda*, 2013 WL 4659688, at *3; *Robertson*, 2012 WL 1232090, at *1. The FAC also contains allegations that are purely speculative with no effort to substantiate them. For instance, Ms. Villarreal alleges that Caremark "failed to make, keep, and preserve records of the

- 10 -

hours worked by Plaintiff and the FLSA Collective," yet offers no purported facts to further explain, much less substantiate this assertion (even after Caremark raised this in its original motion to dismiss) (FAC ¶ 21).  These allegations simply do not satisfy the *Twombly/Iqbal* standards.

## V. CONCLUSION

For all the foregoing reasons, this Court should dismiss the First Amended Complaint in its entirety with prejudice.

A proposed order is lodged herewith.

RESPECTFULLY SUBMITTED this 9th day of June 2014.

                GREENBERG TRAURIG, LLP

                By:  */s/ James N. Boudreau*
                      James N. Boudreau
                      Dana L. Hooper
                      *Attorneys for Defendant*

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

**CERTIFICATE OF SERVICE**

☒    I hereby certify that on June 9, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and service to counsel of record.

David E. Schlesinger
Timothy C. Selander
Matthew C. Helland
Daniel S. Brome
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis MN 55402
schlesinger@nka.com
selander@nka.com
helland@nka.com
dbrome@nka.com
*Attorneys for Plaintiff*

/s/ *Carolyn Smith*

- 12 -

PHX 331161397v4