IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Villarreal,<br><br>            Plaintiff,<br><br>v.<br><br>Caremark LLC,<br><br>           Defendant. | No. CV-14-00652-PHX-DJH<br><br>**ORDER** |

Currently pending before the Court is "Defendant's Expedited Motion for Extension of Deadline to Respond to Plaintiff's Motion for Conditional Certification" (Doc. 37).  After considering that motion and Plaintiff's opposition thereto (Doc. 39), for the reasons set forth below, the Court denies Defendant's motion.

### *Background*

On March 31, 2014, plaintiff Christine Villarreal, on her own and on behalf of all similarly situated individuals, filed this action against Defendant Caremark LLC, alleging violation[s] of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime.  Plaintiff is seeking designation of this action as a nation-wide collective action pursuant to section 16(b) of the FSLA, 29 U.S.C. § 216(b).

After the filing of the complaint, the parties stipulated to an extension of time in which Defendant had to file a "responsive pleading[.]"  Stip. (Doc. 12) at 1:20.  In granting that stipulation, then Magistrate Judge Logan set May 13, 2014, as the date by which the parties had to answer the Complaint or otherwise respond in accordance with Fed.R.Civ.P. 12 (Doc. 13).  Thus, despite what Plaintiff implies, in accordance with that

Order, there was nothing improper about Defendant filing a motion to dismiss rather than an answer.[1]  *See* Resp. (Doc. 39) at 6:12-13.[2]  In any event, in response to Defendant's motion to dismiss, Plaintiff filed her first amended complaint ("FAC"), prompting Defendant to withdraw its dismissal motion.  Prior to reassignment to this Court, Defendant filed a motion to dismiss directed at the FAC.  That motion is pending.

On August 6, 2014, Plaintiff filed a "Motion for Conditional Class Certification and Distribution of Judicial Notice[,]" wherein she defines the putative class as follows:

> all persons who worked as Coding Consultants, Client Benefits Analysts, Benefits Specialists and in other positions with similar job titles and/or job duties for Defendant, in the Employer Group or on the Health Plan Client Services Team, at any time from three years prior to the issuance of notice until March 30, 2014.

Mot. (Doc. 36) at 5:9-12 (emphasis omitted).  In accordance with LRCiv 7.2(c), Defendant has until August 25, 2014 by which to respond to that motion.  On August 15, 2014, Defendant filed an expedited motion seeking an extension of time in which to respond to the class certification motion.  Defendant is seeking a 60 day extension, until October 24, 2014, by which to respond.  Basically, Defendant is taking the position that it needs to conduct discovery prior to responding to the class certification motion.  Somewhat incongruously, in the alternative, Defendant is seeking a two week extension of time in which to respond, *i.e.*, until September 8, 2014.  Opposing this motion, Plaintiff characterizes it as "an FLSA-specific litigation tactic aimed to shrink Defendant's exposure and kill off claims."  Resp. (Doc. 39) at 5:23-24.

## *Discussion*

In seeking a 60 day extension, Defendant asserts that it needs to conduct its own

---

[1]  A motion to dismiss is not a responsive pleading within the meaning of Fed.R.Civ.P. 7(a). *Randle v.* Crawford, 604 F.3d 1047, 1052 (9th Cir. 2010).  Therefore, if the Order had mirrored the language of the stipulation (which it did not), Plaintiff's point would be valid.

[2]  For uniformity and ease of reference, all citations to page numbers of docketed items are to the page assigned by the court's case management and electronic case filing (CM/ECF) system, and not the parties' differing page numbers.

- 2 -

1  "internal investigation" before responding to the class certification motion. Mot. (Doc.
2  37) at 4:9 (emphasis omitted). Defendant further claims that it should be allowed to
3  conduct "limited discovery[,]" consisting of deposing Plaintiff and the four individuals
4  who have submitted declarations as opt-in plaintiffs in support of the class certification
5  motion. *Id*. at 6:4. Lastly, Defendant points to "practical issues" such as the possible
6  unavailability of its "key witnesses[,]" and conflicting professional and personal
7  obligations of its counsel, as a basis for granting an extension. *Id*. at 7:19. Alternatively,
8  if the "Court deem[s] limited discovery inappropriate and otherwise unnecessary,"
9  Defendant is seeking a two week extension, until September 8, 2014, by which to
10 respond to the class certification motion. *Id*. at 8:19-20.

11 In accordance with this Court's order, on August 19, 2014, Plaintiff filed its
12 opposition to the motion to extend (Doc. 39). Opposing an extension, Plaintiff stresses
13 two unique aspects of FLSA collective actions. The first is that, unlike a traditional
14 Fed.R.Civ.P. 23 class action where a putative plaintiff must opt-out to be excluded, in a
15 collective FSLA action, an employee must "affirmatively 'opt-in' to the lawsuit. *See Busk*
16 *v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 528 (9th Cir. 2013) (internal quotation
17 marks and citations omitted); see also 29 U.S.C. § 216(b) ("No employee shall be a party
18 plaintiff to any such action unless he gives his consent in writing to become such a party
19 and such consent is filed in the court in which such action is brought."). Second, "[t]he
20 commencement of a lawsuit does not act to toll the statute of limitations under the FLSA
21 for putative class members." *Stickle v. SCI Western Market Support Center*, 2008 WL
22 4446539, at *22 (D.Ariz. Sept. 30, 2008). "Instead, the statute of limitations continues to
23 run until putative class members file consent forms." *Id*. (citing, *inter alia*, 29 U.S.C. §
24 256). Relatedly, Plaintiff points out that because of Defendant's re-classification of the
25 positions at issue, "there is a fixed end point for [its] potential liability." Resp. (Doc. 39)
26 at 6:26-27.

27 Factually, Plaintiff advises that within three weeks of the filing of this action she
28 sought a stipulation as to class certification. Helland Dec'ln (Doc. 39-1) at 2, ¶ 4. For

1  several months thereafter, the parties discussed the possibility of stipulating to class
2  certification. *Id.* at 2, ¶ 5.  When those discussions came to an impasse, Plaintiff filed her
3  class certification motion. *Id*. at 2, ¶ 6.  Two days later, Defendant sought from Plaintiff
4  a 60 day extension to allow for discovery prior to responding to that motion. *Id.*, exh. A
5  thereto (Doc. 39-2) at 5.   When Plaintiff would not consent, Defendant sought a two
6  week extension. *Id.* at 4.   Plaintiff would agree to such an extension conditioned on
7  Defendant's agreement to toll the FSLA statute of limitations for all putative members of
8  the collective during those two weeks. *Id.* at 3.  Defendant would not acquiesce. *Id.*

9  Against this backdrop, Plaintiff strenuously opposes granting Defendant an
10 extension.  Because the statute of limitations runs daily until distribution of notice in an
11 FLSA collective action, Plaintiff contends that Defendant's request for a 60 day extension
12 is actually a "litigation tactic" designed to limit its potential liability. *Id*. at 10:1.  As to
13 Defendant's purported need for its own internal investigation, Plaintiff counters that
14 because this action was filed on March 31, 2014, Defendant has had roughly five months
15 to conduct such an investigation.  Defendant's failure to do so is not, in Plaintiff's view, a
16 reason to delay this action to Plaintiff's detriment.

17 With respect to Defendant's assertion that it needs to conduct pre-certification
18 depositions, Plaintiff contends that such discovery is "the exception, not the norm." *Id.* at
19 12:12 (citations omitted).   Further, because discovery has not yet commenced, and,
20 indeed, the parties are precluded from doing so.[3] Plaintiff contends that allowing
21 Defendant to conduct pre-certification depositions would be inequitable.   Finally, if an
22 extension is granted, Plaintiff specifically requests a tolling of the statute of limitations
23 for putative FLSA opt-in plaintiffs.

24 "The majority of courts," including those within the District of Arizona, have
25 "adopted the two-tiered approach[]" in deciding whether to grant FSLA collection action
26 status. *See*, *e.g. Anderson v. Ziprealty, Inc.*, 2013 WL 1882370, at *2 (D.Ariz. May 3,

---

[3] Fed.R.Civ.P. 26(d) precludes the parties from conducting any discovery because given the pending motion to dismiss, they have not yet met and conferred as Rule 26(f) requires.

- 4 -

2013) (citing cases); *Baltazar v. US Airways Group, Inc.*, 2013 WL 4654567, at *2 (D.Ariz. Aug. 30, 2013) (same); *Stickle*, 2009 WL 3241790, at *2 (same).  In *Stickle*, then District Court Judge Murguia explained that at the first step, "the court determines, 'on an ad hoc case-by-case basis, whether plaintiffs are similarly situated.'" *Stickle*, 2009 WL 3241790 at *2 (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (other citations omitted).  "This requires the court to first make an initial notice stage determination of whether plaintiffs are similarly situated." *Id.* (internal quotation marks and citation omitted). A plaintiff's burden at this notice stage is low. *See Wellens v. Daiichi Sankyo Inc.*, 2014 WL 1422979, at *2 (N.D.Cal. April 11, 2014) (internal quotation marks and citations omitted) ("[S]ome court have held that the plaintiff bears a very light burden in substantiating allegations at this [notice] stage.")); *Baltazar*, 2013 WL 4654567, at *2 (internal quotation marks and citation omitted) (The standard at the notice stage is "lenient . . . because the court has little evidence at this stage and the usual result is conditional class certification.")  "At this first stage, the court require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Stickle*, 2009 WL 3241790, at *2 (internal quotation marks and citations omitted).

If a plaintiff "survive[]s th[at] hurdle, the district court will conditionally certify the proposed class and the lawsuit will proceed to a period of notification, which will permit potential class members to opt-into the lawsuit." *Id.*   "Once the notification period ends, the Court moves on to the second step of the certification process." *Id.*  "At the second step, in response to a motion to decertify filed by defendants, the court makes yet another determination whether the proposed class members are similarly situated; this time, however, the court utilizes a much stricter standard to scrutinize the nature of the claims." *Id.* (citation omitted).

Given the relatively low threshold at the early or notice stage, "some courts have declined to consider evidence offered by defendants in opposition to a plaintiff's motion for conditional class certification." *Wellens*, 2014 WL 1422979, at *2 (citing, *inter alia*,

- 5 -

1  *Sanchez v. Sephora USA, Inc.*, . . . 2012 WL 2945753, at *4 (N.D.Cal. July 18, 2012)
2  ("[F]ederal courts are in agreement that evidence from the employer is not germane at the
3  first stage of the certification process, which is focused simply on whether notice should
4  be disseminated to potential claimants."))   Instead, courts wait until the second stage to
5  "reevaluate[], usually prompted by a motion for decertification, the 'similarly situated'
6  question . . . , once discovery has produced sufficient information regarding the nature of
7  the claims." *Anderson*, 2013 WL 1882370, at *2 (citing *Hipp v. Liberty Nat. Life Ins.
8  Co.*, 252 F.3d 1208, 1217-18 (11th Cir. 2001)).  On the other hand, consistent with the
9  Defendant's argument herein, "some courts have permitted discovery by the defendant,
10  including discovery regarding opt-in plaintiffs, prior to conditional class certification."
11  *See Wellens*, 2014 WL 1422979, at *3 (citing cases).

12  This Court intends to follow the two-tiered approach to class certification in FLSA
13  cases, as just outlined.  Accordingly, none of Defendant's proffered reasons persuade the
14  Court to grant it an extension of 60 days to conduct pre-certification discovery.  *See
15  Stickle*, 2009 WL 3241790, at *3 (citing cases) ("Courts recognize that collective action
16  notification normally occurs before the Parties have had the chance to engage in
17  extensive fact discovery.")  Indeed, although Defendant contends that an extension of
18  time is "particularly apt given the procedural posture of this case[,]" the Defendant has it
19  backwards.  *See* Mot. (Doc. 37) at 3:11-12 (emphasis omitted).  The procedural posture
20  of this case, namely, a pending motion for FSLA class certification, actually augurs
21  against granting Defendant an extension of time in which to conduct discovery.  If the
22  Court does grant Plaintiff's motion for conditional class certification, however, at that
23  time, Defendant will have the opportunity to conduct discovery with respect to a motion
24  for decertification.

25  That said, the Court will grant the Defendant an extension of two weeks in which
26  to file its response to the class certification motion.  At the same time though, during the
27  two week extension period, as Plaintiff requests,[4] the Court will toll the statute of
28

---

[4]  *See* Helland Decl'n (Doc. 39-1), exh. A thereto (Doc. 39-2) at 3.

- 6 -

1 limitations "in the interest of justice[]" for all putative members of the collective. *See*
2 *Stickle v. SCIWestern Mkt. Support Ctr., L.P.*, 2008 WL 446539, at *22 (D.Ariz. Sept. 30,
3 2008).

4 For the foregoing reasons,

5 **IT IS ORDERED** denying Defendant's Expedited Motion for Extension of Deadline to Respond to Plaintiff's Motion for Conditional Certification (Doc. 37) to the extent Defendant is seeking a 60 day extension;

8 **IT IS FURTHER ORDERED** granting Defendant's Expedited Motion for Extension of Deadline to Respond to Plaintiff's Motion for Conditional Certification (Doc. 37) to the extent Defendant is seeking a two week extension.

11 **IT IS FURTHER ORDERED** that Defendant shall have until **September 8, 2014**, by which to file its Response to Plaintiff's Motion for Conditional Certification (Doc. 36).

14 **IT IS FURTHER ORDERED** that Plaintiff's Reply, if any, shall be filed in accordance with LRCiv 7.2(d).

16 **IT IS FURTHER ORDERED** that the Fair Labor Standards Act statute of limitations for all putative members of the collective is tolled between the dates of **August 25, 2014** and **September 8, 2014**.

19 **IT IS FINALLY ORDERED** that no discovery shall be conducted during the two week extension period.

21 Dated this 21st day of August, 2014.

_____
Diane J. Humetewa
United States District Judge