**GREENBERG TRAURIG, LLP**
**ATTORNEYS AT LAW**
**SUITE 700**
**2375 EAST CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**(602) 445-8000**

James N. Boudreau, Admitted Pro Hac Vice
boudreauj@gtlaw.com
Dana L. Hooper, SBN 023801
hooperd@gtlaw.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTINE VILLARREAL, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAREMARK, L.L.C.,<br><br>Defendant. | Case No. 2:14-cv-00652-DJH<br><br>**MOTION TO (1) AMEND THE COURT'S DECEMBER 17, 2014 ORDER TO CERTIFY IT FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND (2) STAY THE ACTION PENDING INTERLOCUTORY APPEAL**<br><br>**(Oral Argument Requested)** |

Defendant Caremark, L.L.C. ("Caremark") hereby requests that the Court issue an order:  (1) amending its December 16, 2014 order to certify it for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and (2) staying this action pending any interlocutory appeal.  The following Memorandum of Points and Authorities and all matters of record support this Motion, and Caremark therefore incorporates them by reference herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

By Order dated December 16, 2014 (Dkt. 49, entered on December 17, 2014, hereinafter "Order Authorizing Notice"), this Court granted Plaintiffs' Motion for Conditional Certification and Distribution of Judicial Notice (Dkt. 36) in this putative collective action under the Fair Labor Standards Act ("FLSA").  In doing so, the Court purposely did not consider the evidence Caremark offered showing that Plaintiffs were not similarly situated to all or some members of the putative collective group.  Instead, the

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

1    Court considered only the evidence offered by Plaintiffs in making its similarly situated

2    determination.

3         In holding that a court may ignore a defendant's evidence when authorizing notice

4    under the FLSA, this Court decided a controlling question of law as to which there are

5    substantial grounds for difference of opinion.   Although this Court correctly noted that

6    some courts do not consider evidence offered by a defendant when determining whether to

7    authorize notice, other district courts consider and rely on all evidence of record –

8    plaintiff's and defendant's – when deciding whether to authorize notice.   These courts

9    recognize that a plaintiff's allegations cannot carry the day in the face of contrary

10   evidence from a defendant.   Otherwise, notice would be effectively automatic precisely to

11   the extent that a plaintiff requested it.   The disparate approaches employed by district

12   courts on this issue result from a glaring lack of appellate guidance on how courts are to

13   determine whether to authorize notice in FLSA cases.

14         The scope of evidence courts consider in determining whether to authorize notice

15   is an important question over which district courts already disagree, and how courts

16   answer it dramatically affects the outcome of FLSA collective actions.   The Ninth

17   Circuit's guidance on this difficult matter may materially advance the ultimate

18   termination of this litigation.   If the Ninth Circuit were to decide that a court must

19   consider all of the evidence before it, then this case may not proceed as a collective

20   action at all.   At the very least, the case would proceed as to a much different group of

21   potential plaintiffs than the group authorized to receive notice under the Court's

22   December 16, 2014 Order.   For these reasons, the Court should amend its Order

23   Authorizing Notice to certify it for interlocutory review pursuant to 28 U.S.C. §

24   1292(b).   The Ninth Circuit can then determine what weight evidence presented by a

25   defendant carries at the preliminary notice stage of a putative FLSA collective action.

26

27

28

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

## I.      BACKGROUND

On December 17, 2014, this Court authorized notice of this putative FLSA collective action to current and former Coding Consultants, Client Benefits Analysts, Benefits Specialists, and employees in similar positions who are or were in Caremark's Employer Group or Health Plan Client Services Team at any point between December 3, 2011 and March 30, 2014.  (Dkt. 49).  The Court ruled that the Plaintiffs had "sufficiently demonstrated" that the employees in this group were "similarly situated . . . thus warranting conditional certification . . . for notice purposes."  (*Id.* at 12).  In making its determination, the Court relied exclusively on Plaintiffs' evidence, considering only the six largely identical declarations Plaintiffs presented attesting to their individual job duties, manner of pay, and classification as exempt from overtime.  (*See id.* at 6-12).

The Court expressly declined to consider evidence presented by Caremark in opposition to Plaintiffs' motion for conditional certification.  For example, Caremark submitted declarations explaining, among other things, that Caremark did not classify all putative group members the same (meaning there was no uniform classification decision at issue).  Caremark's declarations also highlighted the fact that Plaintiffs produced no competent proof concerning the positions/practices at issue in the several Caremark locations in the United States in which Plaintiffs themselves never worked.

Although the Court noted that the "purported significance" of Caremark's declarations was "obvious," it nevertheless "decline[d] to consider" this evidence on the ground that it "pertain[ed] to the second, and not the first tier of conditional class certification."  (*Id.* at 6-7).  The Court found that evidence from a defendant related to whether a putative group is similarly situated does not go to the question of "whether plaintiffs have made an adequate threshold showing that there are substantially similar putative class members" such that notice under the FLSA is warranted.[1]  (*Id.* at 7)

---

[1]      The Court's holding means that a FLSA plaintiff's burden at the conditional certification stage is in fact not a burden.  If a defendant is not permitted to contest an FLSA plaintiff's claim, whenever made, that she is "similarly situated" to a proposed putative group of employees, the entitlement to notice is effectively automatic and courts have effectively transformed the judicially-created FLSA notice process into a

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

(internal quotations omitted).  As the Court expressly noted in its Order, the Ninth Circuit Court of Appeals has not yet ruled on how to determine whether a putative group is "similarly situated."  (*Id.* at 3).  Accordingly, neither has the Ninth Circuit decided what weight, if any, district courts should give a defendant's evidence at the conditional certification stage.

## II.    QUESTION PRESENTED.

This Court should certify its Order Authorizing Notice for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), so that the Ninth Circuit Court of Appeals can address the following important and controlling question of law:

> When deciding whether to authorize notice of a putative collective action under the FLSA, may a district court ignore relevant evidence presented by a defendant who opposes the sending of notice, and choose instead to rely exclusively on evidence offered by the plaintiff?

## III.   THE COURT SHOULD CERTIFY ITS ORDER AUTHORIZING NOTICE FOR INTERLOCUTORY APPEAL AND STAY THIS CASE PENDING APPEAL.

### A.    This Court Should Certify Its Order Authorizing Notice (Dkt. 49) For Appeal Pursuant To 28 U.S.C. § 1292(b).

When a district judge believes that an order:  (1) "involves a controlling question of law" (2) "as to which there is a substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation," she may state as much in her order, certifying the question for interlocutory appeal.  29 U.S.C. § 1292(b).  "[U]pon consent of both the district court and the court of appeals," litigants can thus immediately appeal important non-final orders like the one that is the subject of this Motion.  *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1982).

---

court-sponsored solicitation device.  *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 175-81 (1989) (Scalia, J., dissenting) (deriding court-authorized notice process under Section 216(b) of the FLSA as "an extraordinary application of the federal judicial power," equating it to the "'stirring up of litigation'" that "was once exclusively the occupation of disreputable lawyers, roundly condemned by this and all American courts").

**1.    The Question Presented Is A Controlling Question Of Law.**

A question of law is "controlling" if it requires a "fundamental" determination –
for example, the determination of "who are [the] necessary and proper parties" to a suit.
*U.S. v. Woodbury*, 263 F.2d 784, 787-88 (9th Cir. 1959).   *Compare Reese v. BP
Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (questions related to
federal securities fraud law present controlling questions where they formed basis of
district court's partial dismissal of case), *and Hawaii ex rel. Louie v. HSBC Bank
Nevada, N.A.*, 761 F.3d 1027 (reviewing questions related to federal subject-matter
jurisdiction certified for interlocutory appeal), *with Woodbury*, 263 F.2d at 787-88
(question of whether documents were privileged not controlling question of law), *and In
re Cement Antitrust Litig.*, 673 F.2d at 1025-28 (question of propriety of district judge's
recusal not controlling question of law).

Here, the issue Caremark seeks to appeal is an important and controlling question
of law.   The issue goes to the fundamental nature of the suit – specifically, "who are
[the] necessary and proper parties?"   Its resolution would define the form of this and
many other lawsuits.   If the Ninth Circuit answers the question presented in a manner
obligating district courts to consider evidence presented by defendants at the conditional
certification stage, then the ultimate contours of this case in terms of defining those
eligible to join would be dramatically different.   At a minimum, Caremark's unrebutted
evidence pertaining to the positions in question at locations in which Plaintiffs never
worked would warrant a narrowing of the group entitled to notice in this case.

Those district courts that have found it permissible not to consider a defendant's
evidence appear to believe that the second stage review embedded in the two-step
process protects defendants from untoward collective litigation.   (*See, e.g.*, Order
Authorizing Notice 7-8, stating that it will consider Caremark's proof that plaintiffs are
not in fact similarly situated at the second stage of class certification).   The
decertification backstop in the two-step process does not, however, diminish the
significance of the question presented.   Indeed, regardless of whether a court ultimately

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

de-certifies the case, as the Supreme Court has repeatedly noted, responding to and managing group litigation, even in preliminary discovery, is expensive and time consuming. *Cf. Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 686 (2010) (discussing "fundamental" differences between individual-versus-group dispute resolution and acknowledging high "commercial stakes" of group litigation); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (commenting that "potential expense" in putative class action brought on behalf of "at least 90 percent of all subscribers to local telephone or high-speed Internet service in continental United States" is "obvious"). Appellate resolution of the question presented will determine not only who the appropriate parties to a case are, but – critically – when and how a court must make that determination.     In sum, the question presented is a controlling question of law appropriate for resolution via interlocutory appeal.

### 2.     Substantial Grounds For Difference Of Opinion Exist With Respect To The Question Presented.

"Courts will . . . find that a substantial ground for difference of opinion exists where novel and difficult questions of first impression are presented," *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (internal citations omitted) (holding that "a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent"), or where "controlling law is unclear," *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). As this Court has already effectively recognized, this case meets both of these conditions.

The FLSA authorizes employees to bring actions for unpaid overtime on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). As this Court explained in its Order Authorizing Notice, however, no controlling standard exists for determining whether employees are "similarly situated" such that they may proceed collectively under the statute. Likewise, the statute says nothing about judicial notice. Nonetheless, the Supreme Court ruled in *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) that "district courts have discretion, **in appropriate cases**, to

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

1   implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."

2   (emphasis added).

3          Though it approved court-authorized notice "in appropriate cases," the Supreme

4   Court deliberately chose not to provide any guidance as to how a district court should

5   decide whether the case before it was one such "appropriate case[]." *See id.* at 170

6   ("We confirm the existence of the trial court's discretion, not the details of its

7   exercise."). Thus, district courts have neither statutory nor Supreme Court guidance to

8   refer to when deciding whether notice is appropriate in a given case. Further

9   obfuscating the matter is the fact that orders authorizing notice are interlocutory.

10  Appellate courts have therefore rarely, if ever, had the opportunity to delineate or clarify

11  a fair, efficient, and ethical procedure. This has left district courts largely in the dark,

12  forcing them, to some extent, to "make it up" as they go along in a blind effort to adhere

13  to the only statutory criterion that exists – "similarly situated."

14         Whatever process or standard a court uses when making the initial "similarly

15  situated" determination, applying a standard presents the inevitable next question of

16  what *evidence* a court should consider when deciding whether a plaintiff has satisfied

17  that standard, *i.e.*, what evidence a court should evaluate to determine whether the case

18  before it is an "appropriate" case within the meaning of *Hoffmann-La Roche*. Some

19  district courts in the Ninth Circuit have held that a court is free to disregard a

20  defendant's evidence when deciding whether to send notice to potential other plaintiffs,

21  even if that evidence goes to whether those potential plaintiffs are similarly situated.

22  *See Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 587135, at *6,

23  *12 n.33 (N.D. Cal. Feb. 13, 2014) (stating courts should not evaluate competing

24  declarations, and collecting cases in which courts did not consider defendants' evidence

25  at the initial notice stage). Yet other courts within this Circuit have also stated that a

26  "plaintiff must provide the court with 'detailed allegations supported by [declarations]

27  which successfully engage a defendant's affidavits to the contrary" to convince a court

28  that notice to potential plaintiffs is proper. *See Colson v. Avnet, Inc.*, 687 F.Supp. at

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

928; *Foschi v. Pennella*, No. CV-14-01253-PHX-NVW, 2014 WL 6908862, at *4 (D. Ariz. Dec. 9, 2014); *Gomez v. H & R Gunlund Ranches, Inc.*, No. CV F 10-1163 LJO MJS, 2010 WL 5232973, at *4 (E.D. Cal. Dec. 16, 2010); *Guess v. U.S. Bancorp*, No. 06-07535JF, 2008 WL 544475, at *2 (N.D. Cal. Feb. 26, 2008).  In other words, some courts within the Ninth Circuit believe that a court is free to disregard a defendant's evidence when authorizing judicial notice in an FLSA case, while others have found that a defendant is not only entitled to offer evidence, but that a plaintiff must successfully counter that evidence to show entitlement to notice.

The confusion on this question is not confined to the Ninth Circuit.  District courts in other circuits have, like this Court, refused to consider any evidence from a defendant showing that plaintiffs are not similarly situated.  *E.g.*, *Barry v. S.E.B. Serv. of New York, Inc.*, No. 11-CV-5089, 2013 WL 6150718, at *4 (E.D.N.Y. Nov. 22, 2013) (holding that court would not give weight to evidence from defendants except "to the extent that any evidence defendants submit actually helps plaintiffs' case").  Other courts hold that it is proper to consider evidence from a defendant in determining whether to authorize notice.  *E.g.*, *Dudley v. Texas Waste Systems, Inc.*, No. Civ.A.SA-05-CA-0078, 2005 WL 1140605, at *2 (W.D. Tex. May 16, 2005) (relying on defendant's evidence of written policy instructing employees to take lunch breaks in determining notice improper in putative collective action); *Bramble v. Wal-Mart Stores, Inc.*, No. 09-4932, 2011 WL 1389510, at *5 n.6 (E.D. Pa. April 12, 2011) (noting that "it is appropriate to examine all of the relevant evidence") (internal citations omitted).[2]

---

[2]     Notably, even courts that consider a defendant's evidence differ over the related question of whether a defendant's evidence can overcome a plaintiff's contrary evidence.  *Compare Saleen v. Waste Mgmt., Inc.*, 649 F.Supp.2d 937, 940 (D. Minn. 2009) (relying on evidence submitted by defendant, even though that evidence ran contrary to plaintiffs' circumstantial evidence of unwritten policy not to pay for worked meal breaks) *and Holt v. Rite Aid Corp.*, 333 F.Supp.2d 1265, 1271-75 (M.D. Ala. 2004) (considering evidence of potential plaintiffs' job duties presented by defendant in misclassification case, explaining that "[b]ecause the issues in this case revolve around whether the day-to-day tasks of Store Managers and Assistant Managers are consistent with their designation as exempt, this court must necessarily examine evidence of the job duties actually performed by all of the Store Managers and Assistant Managers . . . . therefore . . . rather than rely merely on the evidence presented by the Plaintiffs, it is appropriate to examine all of the relevant evidence."), *with Hamadou v. Hess Corp.*, 915

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

In sum, substantial grounds for differences of opinion exist as to the question presented. Case law is not clear on what evidence a district court should consider in determining whether to authorize notice, and the question is a novel and difficult one of first impression in the Ninth Circuit (and indeed, in virtually all other circuits as well).

### 3. Immediate Appeal From The December 17, 2014 Order Will Materially Advance The Ultimate Termination Of This Litigation.

The final prerequisite to certifying an interlocutory order for appellate review under Section 1292(b) is a determination that resolution of the question presented "may materially advance the ultimate termination" of the case, 29 U.S.C. § 1292(b), or "avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Importantly, a question need not be dispositive of the lawsuit to be appropriate for interlocutory appeal. *U.S. v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Nor need it be certain that resolution of the issue would advance the end of the litigation; its resolution need only have a substantial effect on the rights of the parties during the pendency of litigation. *Id.* (explaining that the Ninth Circuit properly allowed an appeal under § 1292(b) where "unless the order in the . . . case were reversed in the early stages of the suit all or part of the fruits of the litigation would be lost to the plaintiff").

In this case, the Court's Order Authorizing Notice reveals that resolution of the question presented could dramatically change the path of this case, essentially blazing a shortcut to its termination. If the Ninth Circuit holds that a district court must consider all evidence before it when deciding whether to authorize judicial notice under the FLSA, then this case may not proceed as a collective action at all. Even if Caremark's evidence only dissuaded the Court from authorizing notice to some subset of the group

---

F.Supp.2d 651, 664-67 (S.D.N.Y. 2013) (refusing to credit defendants' declarations over declarations submitted by plaintiffs, but relying on defendants' evidence where plaintiffs had not presented any evidence to the contrary) *and Holley v. Erickson Living*, No. 11-2444, 2012 WL 1835738, at *6 (E.D. Pa. May 21, 2012) (reviewing plaintiffs' evidence in conjunction with evidence submitted by defendants, but deferring to plaintiffs' evidence when specific facts in dispute). In sum, district courts are at odds in more ways than one with respect to the appropriate weight to give a defendant's evidence when deciding whether to authorize notice in a putative collective action.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

of individuals to whom the Plaintiffs seek to send notice (rather than from authorizing notice altogether), the group of potential plaintiffs as to whom the case would proceed would be markedly different.  It would be smaller than the group currently authorized to receive notice.  A smaller putative group (or no putative group) would mean that the case would be over much more quickly, avoiding months and maybe years of the protracted discovery and motion practice necessitated by larger group litigation.[3]

**B.      This Court Should Stay The Case Pending Resolution Of The Interlocutory Appeal.**

Because certification of a question for interlocutory appeal does not automatically stay proceedings in the district court, 29 U.S.C. § 1292(b) authorizes a district court to grant a stay at its discretion.  *Watson v. Yolo Cnty. Flood Control and Water Conservation Dist.*, No. 2:06-cv-1549, 2007 WL 4107539, at *2 (E.D. Cal. Nov. 16, 2007) ("by statute, this court has authority to stay the proceedings pending interlocutory appeal").   More generally, district courts have the inherent authority to stay cases on their dockets.  *Fitrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972).  In determining whether to stay this case, the Court should consider and weigh "the competing interests which will be affected by the granting or refusal [of] a stay," as well as "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (internal citations omitted).

Courts frequently grant stays at the same time they certify orders for interlocutory appeal.  *See, e.g.*, *Asis Internet Servs.*, 2008 WL 4279695, at *4; *Watson*, 2007 WL 4107539, at *4; *Marshall v. City of Portland*, No. CV-01-1014-ST, 2004 WL 1774532, at *8 (D. Or. Aug. 9, 2004).  Indeed, that the resolution of a controlling question might "materially advance the ultimate termination" of the litigation inherently suggests the

---

[3]      Plaintiffs cannot reasonably contend that consideration of Caremark's evidence would not have rendered a different result.  The Court explicitly held that it would not consider Caremark's evidence at all.  (Order Authorizing Notice 6-7).  Since courts do not decide questions not before them, the parties can presume the Court *needed* to decide the question of whether to consider Caremark's evidence.  In other words, the Court could not set the question aside and explain that under either scenario – whether it considered the evidence or not – the outcome would be the same.

- 10 -

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

propriety of a stay.   Particularly in this case, where the resolution of the question presented could so dramatically change the shape and nature of the case, a stay pending interlocutory appeal is appropriate.

The harm that would result in the absence of a stay outweighs any perceived disadvantages of a stay.   If the Court certifies its Order Authorizing Notice for interlocutory appeal but does not stay the case, then notice to putative opt-in plaintiffs will go out no later than January 16, 2015. (*See* Order Authorizing Notice 17).   Yet if the Ninth Circuit Court of Appeals accepts the appeal, its ultimate resolution of the question presented might require the case to proceed only as to the current Plaintiffs, or some other limited subset of the group authorized by this Court.   Under this scenario, the parties would proceed with expensive and time-consuming group discovery that would, in all likelihood, end up being for naught.   Preventing this complete waste of resources is a compelling reason to stay the case pending appeal.   *See Asis Internet Servs. v. Active Response Grp.*, No. C07 6211 TEH, 2008 WL 4279695, at *4 (N.D. Cal. Sept. 16, 2008) (noting that discovery would be time-consuming and expensive, finding that "stay could promote economy of time and effort for the Court, counsel and litigants").   Moreover, under this scenario, hundreds of individuals will have received inaccurate notice of this suit – notice stating that they are eligible to join this case when in fact the Ninth Circuit could ultimately rule in such a way the renders them *not* eligible to join.   Because staying the case avoids any prospect of the dissemination of inaccurate notice, the principles underlying *Hoffmann-La Roche* (need for accurate and timely notice) support a stay. Finally, the Court can mitigate the potential harm that a stay of notice might cause the putative claimants simply by tolling the limitations period for the potential future opt-ins during the pendency of any appellate proceedings (which Caremark does not oppose).

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

**IV.    CONCLUSION.**

For all of these reasons, this Court should grant Defendants' Motion, amend its December 17, 2014 order pursuant to 28 U.S.C. § 1292(b) in accordance with the proffered proposed order, and stay the case pending resolution of the proposed appellate proceedings.

RESPECTFULLY SUBMITTED this 24th day of December 2014.

GREENBERG TRAURIG, LLP

By: ___/s/ James N. Boudreau_____
          James N. Boudreau
          Dana L. Hooper
          *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

☒      I hereby certify that on December 24, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and service to counsel of record.

David E. Schlesinger
Timothy C. Selander
Matthew C. Helland
Daniel S. Brome
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis MN 55402
schlesinger@nka.com
selander@nka.com
helland@nka.com
dbrome@nka.com
*Attorneys for Plaintiff*


                              */s/ James N. Boudreau*