**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Christine Villarreal,<br><br>     Plaintiff,<br><br>v.<br><br>Caremark LLC,<br><br>     Defendant. | No. CV-14-00652-PHX-DJH<br><br>**ORDER** |

Pending before the Court is a Motion to (1) Amend the Court's December 17, 2014 Order to Certify it for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and (2) Stay the Action Pending Interlocutory Appeal (Doc. 52) by defendant Caremark, L.L.C. ("Caremark").[1] After the filing of Plaintiff's Response (Doc. 55) and Caremark's Reply (Doc. 58), this motion was fully briefed on January 20, 2015.

**I. Background**

On December 17, 2014, this Court granted the named plaintiff's Motion for Conditional Certification and Distribution of Judicial Notice (Doc. 36) in this Fair Labor Standards Act ("FLSA") case. In so doing, the court "[d]eclined to consider Caremark's declarations asserting that there are differences been Plaintiff Villarreal and the putative

---

[1] Given the Court's familiarity with the issues Caremark's motion raises, and because the issues have been fully briefed, in its discretion the Court denies Caremark's request for oral argument as it would not aid the decisional process. *See* Fed.R.Civ.P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

class members[.]" *Villarreal v. Caremark LLC*, 2014 WL 7184014, at *4 (D.Ariz. Dec. 17, 2014). The Court did so for primarily two reasons. First, it found that Caremark's proffered declarations were "an attempt to show 'disparate factual and employment settings of the individual plaintiffs.'" *Id.* (quoting *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 628 (E.D.Cal. 2009) (internal quotation marks and citations omitted)). Therefore, because "Caremark's declarations pertain[ed] to the second, and not the first tier of conditional class certification, this Court decline[d] to consider them at" that first tier. *Id.* (citing *Benedict* [*v. Hewlett-Packard Co.*], 2014 WL 587135, at *12 n. 33 [(N.D.Cal. Feb. 13, 2014)] ("The Court further notes that it need not even consider HP's evidence at the notice-stage, as various courts in this Circuit have held.") (citing, *inter alia*, *Luque v. AT & T Corp.*, 2010 WL 4807088, at *5 (N.D.Cal. Nov. 19, 2010) (disregarding thirty declarations submitted by defendants in opposition to motion for conditional certification[,] stressing that "[c]ourts need not even consider evidence provided by defendants at this [notice] stage[ ]"); *Kress*, 263 F.R.D. at 628 ("In determining whether plaintiffs have met this standard, courts need not consider evidence provided by defendants.")).

Second, the Court explained, "[d]eclining to consider Caremark's declarations asserting that there are differences between Plaintiff Villarreal and the putative class members is consistent with the view 'that the question at this stage is not whose evidence regarding commonality is more believable, but simply whether plaintiffs have made an adequate threshold showing' that there are substantially similar putative class members." *Id.* (internal quotation marks and citations omitted). The Court also found "noteworthy . . . '[t]he fact that a defendant submits competing declarations will *not* as a general rule preclude conditional certification.'" *Id.* (quoting *Harris v. Vector Marketing Corp.*, 716 F.Supp.2d 835, 838 (N.D.Cal. 2010) (citing *Hipp* [*v. Liberty Nat. Life Ins. Co.*], 252 F.3d [1208,] at 1219 [(11th Cir. 2001)] (emphasis added); *see also Lewis v. Wells Fargo & Co.*, 669 F.Supp.2d 1124, 1128 (N.D.Cal. 2009) (internal quotation marks and citation omitted) (where plaintiffs met their burden at the notice sta[g]e, the Court did not

consider Defendant's fifty-four declarations, even if "[i]t may be true that the evidence will later negate plaintiffs' claims[ ]"); *Williams v. U.S. Bank Nat. Ass'n*, 290 F.R.D. 600, 613 (E.D.Cal.2 013) ("[T]he cases indicate [it] is not appropriate . . . to consider contradictory evidence at th [e] [notice] stage[.]"))

At the same time, however, the Court stressed that its "holding should not be construed in any way as limiting Caremark's proof at the second stage of class certification." *Villarreal*, 2014 WL 7184014, at *5. Continuing, the Court wrote that it "will closely consider 'the disparate factual and employment settings of the individual plaintiffs' if and when [Caremark] makes a motion to decertify, as that fact-specific analysis is appropriate for the second-stage.'" *Id.* (quoting *Benedict*, 2014 WL 587135, at *2) (quoting in turn *Flores v. Velocity Exp., Inc.*, 2013 WL 2468362, at *7 (N.D.Cal. June 7, 2013)) (citing *Camp v. Progressive Corp.*, 2002 WL 31496661, at *4 (E.D.La. Nov. 8, 2002)) (holding that "the existence of some variations between potential claimants is *not* determinative of lack of similarity at the notice-stage.") (emphasis in original) (footnotes omitted)).

Now Caremark is seeking to have the Court certify the Conditional Class Certification Order to allow for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). More specifically, Caremark is seeking certification of the following issue, which it deems to be an "important and controlling issue of law:

> When deciding whether to authorize notice of a putative collective action under the FLSA, may a district court ignore relevant evidence presented by a defendant who opposes the sending of notice, and choose instead to rely exclusively on evidence offered by the plaintiff?

Mot. (Doc. 52) at 4:9-12.

## II.  Discussion

### A.  Legal Standards

Generally, the United States Courts of Appeals have jurisdiction over appeals from "final decisions of the district courts." *See* 28 U.S.C. § 1291. Congress created an exception to that final-judgment rule, however, in 28 U.S.C. § 1292(b). "'Section 1292(b)

- 3 -

provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals.'"[2] *Kight v. Eskanos & Adler, P.C.*, 2007 WL 173825, at *2 (S.D.Cal. Jan. 8, 2007) (quoting *In re Cement Antitrust*, 673 F.2d 1020, 1025–26 (9th Cir. 1982) (*en banc*)). Certification of a non-appealable order under section 1292(b) is appropriate where the order (1) "involves a controlling question of law[;]" (2) "as to which there is a substantial ground for difference of opinion[;]" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *See* 28 U.S.C. § 1292(b); *see also In re Cement*, 673 F.2d at 1026. "All three requirements must be met for certification to issue[ ]" under that statute. *Kight*, 2007 WL 173825, at *2 (citation omitted). Caremark, as "[t]he party seeking certification[,] has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" *See Fukuda v. Cnty. of Los Angeles*, 630 F.Supp. 228, 299 (C.D.Cal. 1986) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

In *United States v. Woodbury*, 263 F.2d 784 (9th Cir. 1959), the seminal Ninth Circuit case on certification, the Court noted "[t]hat § 1292(b) is to be applied sparingly and only in exceptional cases[.]" *Id*. at 788 n. 11 (citations omitted). This view is in keeping with the legislative history of section 1292(b) which supports caution in its application. "[I]n passing this legislation Congress did not intend that the courts abandon the final judgment doctrine and embrace the principle of piecemeal appeals." *Id*. (internal quotation marks and citation omitted). Thus, as the Ninth Circuit has more recently observed, because" [s]ection 1292(b) is a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly." *James*, 283 F.3d at 1068 n. 6. Section 1292(b) certification "is intended to be 'used only in exceptional

---

[2] *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (after quoting from 28 U.S.C. § 1292(b), finding that "a party must obtain certification from *both* the district court *and* the court of appeals to bring an interlocutory appeal[]").

- 4 -

situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.'" *Kight*, 2007 WL 173825, at *1 (quoting *In re Cement*, 673 F.2d at 1026); *see also In re Related Asbestos Cases*, 23 B.R. 523, 532 (N.D.Cal. 1982) (internal quotation marks and citation omitted) ("Certification under 1292(b) is intended to be used in the few situations where an immediate appeal . . . would more speedily terminate the litigation.")  "'It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question[s] as to the correctness of the ruling would prompt the granting of the certificate.'" *Lopritz v. CMT Blues*, 271 F.Supp.2d 1252, 1254 (S.D.Cal. 2003) (quoting *Woodbury*, 263 F.2d at 785 n. 2 (quoting in turn S.Rep. No. 2434 91958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260).  More succinctly put, section 1292(b) was not intended "'merely to provide review of difficult rulings in hard cases.'"  *Environmental Protection Information Center v. Pacific Lumber Co.*, 2004 WL 838160, at *2 (N.D.Cal. April 19, 2004) (quoting *United States Rubber Co. v. Wright*, 359 F .2d 784, 785 (9th Cir. 1966)). Consequently, only "[i]n rare circumstances" may a district court "allow an immediate appeal of an interlocutory order." *Board of Trustees of Leland Stanford Junior University v. Roche Molecular Systems, Inc.*, 2007 WL 1119193, at *2 (N.D.Cal. April 16, 2007) (citing *James*, 283 F.3d at 1068, n. 6).

"The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court."  *United States v. Tenet Healthcare Corp.*, 2004 WL 3030121, at *1 (C.D.Cal. Dec. 27, 2004) (citing *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995)).  As such, "[e]ven when all three statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny certification." *Brizzee v. Fred Meyer Stores, Inc.*, 2008 WL 426510, at *3 (D.Or. Feb. 13, 2009) (quoting *Ryan, Beck & Co., LLC v. Fakih*, 275 F Supp2d 393, 396 (E.D.N.Y. 2003)).  Hence, "a district court's denial of a motion to certify a decision for immediate appeal under section 1292(b) is not reviewable by the appellate court." *Environmental Protection Information Center v. Pacific Lumber Co.*, 2004 WL 838160, at *2, n. 6 (N.D.Cal. April 19, 2004) (citing *Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1550 (9th Cir. 1994)). By the same

token though, "[e]ven where the district court makes such a certification, the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently." *James*, 283 F.3d at 1068, n. 6 (citation omitted). With these standards firmly in mind, the Court will consider whether Caremark has met each of the three criteria necessary for section 1292(b) certification.

### B. Application

#### 1. "Controlling Question of Law"

To be eligible for certification for an interlocutory appeal, an order must involve a controlling question of law. "Congress did not specifically define what it meant by 'controlling'" as used in section 1292(b). *See In re Cement*, 673 F.2d at 1026. Likewise, "[t]he Ninth Circuit's guidance as to what constitutes a controlling question of law is minimal." *Sierra Foothills Public Utility District v. Clarendon American Insurance Company*, 2006 WL 2085244, at *2 (E.D.Cal. July 25, 2006). It is well settled, however, that "[t]he issue need not be 'dispositive of the lawsuit in order to be regarded as controlling[.]'" *Id.* at *2 (quoting *Woodbury*, 263 F.2d at 787–88). But at the same time, the issue "cannot be 'collateral to the basic issues of [the] case.'" *Id.* In this Circuit, "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.'" *Kight*, 2007 WL 173825, at *2 (quoting *In re Cement*, 673 F.2d at 1026). "Examples of controlling questions of law include fundamental issues such as '"the determination of who are necessary and proper parties, whether a court to which a case has been transferred has jurisdiction, or whether state or federal law should be applied."'" *Rieve v. Coventry Health Care, Inc.*, 870 F.Supp.2d 856, 879 (C.D.Cal. 2012) ((quoting *In re Cement*, 673 F.2d at 1026–27) (quoting in turn *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir.1959)).

Caremark argues that the question for which it seeks certification is a controlling issue of law because it "goes to the fundamental nature of the suit --- specifically, 'who are [the] necessary and proper parties?'" Mot. (Doc. 52) at 5:14-15. Caremark further

- 6 -

suggests that appellate resolution of this issue will decide "when and how a court must make that determination." (*Id.* at 6:10-11.)   Caremark also raises the specter of "expensive and time consuming[]" litigation if the Court denies certification of an interlocutory appeal. (*Id.* at 6:2-3 (citations omitted).)

Citing to a string of cases, Plaintiffs counter that because the FLSA conditional class certification order is inherently "temporary," it does not involve a controlling issue of law. Resp. (Doc. 55) at 7:6 (emphasis omitted). Furthermore, Plaintiffs disagree that the potential expense of litigation can be a basis for finding a common question of law. Caremark disagrees that the temporary or conditional nature of the Court's order precludes certification under section 1292(b). It is Caremark's position that the "what evidentiary standards govern" a decision to grant conditional class certification and distribution of notice in a FLSA case involves a controlling issue of law "because its resolution could dramatically impact the scope of this case." *See* Reply (Doc. 58) at 4:20-21; 6:16-17.

Caremark narrowly frames the issue for interlocutory certification as what evidentiary standard should be applied at the first tier of FLSA conditional class certification. Evidently Caremark is attempting to distance itself from the line of cases, Plaintiffs strongly urge this Court to follow, holding that an order granting FLSA conditional certification does not present a controlling question of law. *See*, *e.g.*, *Lillehagen v. Alorica, Inc.*, 2014 WL 2009031 (C.D.Cal. May 15, 2014) (order granting FLSA conditional class certification does not present a controlling question of law for section 1292(b) purposes) (citing, *inter* alia, *Long v. CPI Sec. Sys., Inc.*, . . . , 2013 WL 3761078, at *2 (W.D.N.C. Jul.16, 2013) ("Where a court's decision is conditional and may be altered or amended before decision on the merits, the decision is not a controlling question of law to be reviewed under § 1292(b)."); *Pereira v. Foot Locker, Inc.*, . . . , 2010 WL 300027, at *10–11 (E.D.Pa. Jan. 25, 2010) (same); *LaFleur v. Dollar Tree Stores, Inc.*, . . ., 2013 WL 150722, at *11 (E.D.Va. Jan.11, 2013) (conditional grant of FLSA collective action certification does not present a controlling question of law under

§ 1292(b) because it is "temporary in nature" as defendant "will have ample opportunity at the end of Phase I discovery to seek decertification")). Regardless of how the issue is framed (narrowly in terms of the evidentiary standard, or more broadly, in terms of the propriety of FLSA conditional class certification), this Court can find no sound reason to depart from this line of authority. This is especially so given the lack of Ninth Circuit or Supreme Court precedent directly on point.

Furthermore, Caremark has given the Court no such reason. Caremark maintains that the authorities upon which Plaintiffs rely are "largely inapposite[]" because "several of the[m] . . . hold only that interlocutory review is inappropriate under the collateral order doctrine."[3] Reply (Doc. 58) at 4:22-26 (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544 (6th Cir. 2006); *Baldridge v. SBC Communications, Inc.*, 404 F.3d 930 (5th Cir. 2005); *Lusardi v. Zerox Corp.*, 747 F.2d 174 (1984)); *see also* Resp. (Doc. 55) at 7:18-8:1 (same). The Court is keenly aware that the collateral order doctrine and section 1292(b) provide different avenues for interlocutory appeals, and have somewhat different standards.[4] Nonetheless, the Court agrees that the *Baldridge* rationale, adopted in *Comer*, and by the Ninth Circuit in *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1140 (9th Cir. 2007), is "reasonably extendable to 28 U.S.C. 1292(b) and its requirements." *See LaFleur*, 2013 WL 150722, at *3; *see also Lillehagen, 2014 WL* 2009031, at *2 ("To the extent that neither the Supreme Court nor courts within the Ninth Circuit have directly

---

[3] Actually, Caremark stated that "[t]he *district court* authorities on which Plaintiffs rely are largely inapposite[]" because they pertain to the collateral order doctrine. Reply (Doc. 58) at 4:22 (emphasis added). This is a *non sequitur*. The collateral order doctrine allows for appellate not district court jurisdiction. Consequently, a district court would have no basis for invoking that doctrine. It thus comes as no surprise that in the 15 district court cases to which Plaintiffs cite, not one relies upon the collateral order doctrine. All of them analyzed the propriety of an interlocutory appeal pursuant to section 1292(b).

[4] In *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), the Supreme Court recognized an exception to 28 U.S.C. 1291's final judgment rule. "To fall within the small class of collateral orders that may be immediately appealed under *Cohen*, the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Davis v. Walker*, 745 F.3d 1303, 1309 (9th Cir. 2014) (citing *Coopers & Lybrand*, 437 U.S. at 468).

- 8 -

addressed whether an order granting FLSA conditional certification presents a controlling question of law, this Court finds persuasive [the] circuit courts' guidance [in *Baldridge*, *Comer*, and *Lusardi*] on the matter and denies Defendant's request for interlocutory review."); *see also Kelly v. Healthcare Services Group, Inc.*, 2014 WL 3612681, at *5 (E.D.Tex. July 22, 2014) (finding the Fifth Circuit's rationale in *Baldridge*, 404 F.3d 930 to be "probative background for assessing" the defendant's motion for certification under section 1292(b)).

More precisely, the district court in *Baldridge*, 404 F.3d 930, granted FLSA conditional class certification and declined to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Fifth Circuit held that it lacked jurisdiction because the collateral order exception to section 1291 was inapplicable because "the question of class certification ha[d] not yet been conclusively determined[]" in that it was "subject to revision before the district court addresses the merits." *Id.* at 933; at 931. The Fifth Circuit also rejected as "irrelevant" defendants' policy arguments that the anticipated expenses and settlement pressures of a class action provide an exception to the final judgment rule. Id. at 932. The *Baldridge* Court reasoned, that "[o]utside the rule 23 context, '[i]f the expense of litigation were a sufficient reason for granting an exception to the final judgment rule, the exception might well swallow the rule.'" *Id*. (quoting *Lusardi*, 747 F.2d at 178).

Adopting the Fifth Circuit's approach in *Baldridge*, the Sixth Circuit held that a conditional order approving notice in a FLSA collection action was not appealable as a collateral order. The Court so held because "there [wa]s no reason [it] could not, following an appeal from final judgment, determine that part or all of the plaintiff group was improperly deemed to be similarly situated and therefore improperly notified and included by opt-in." *Comer*, 454 F.3d at 549. Agreeing with the *Baldridge* and *Comer* Courts, the Ninth Circuit likewise held that it lacked jurisdiction under the collateral order doctrine to consider denial of a motion to issue notice of a collective action under the FLSA. *McElmurry, 495 F.3d* 1136. The *McElmurry* Court reasoned that the

- 9 -

1 plaintiffs would not "forfeit the opportunity to raise their arguments on an appeal from a
2 final judgment in tha[at] case." *Id.* at 1140-1141.

3 The rationale of *Baldridge* and its progeny against interlocutory appellate review
4 of a FLSA conditional class certification order applies with equal force here. Both the
5 collateral order doctrine and section 1292(b) are narrow exceptions to the final judgment
6 rule. *See Couch*, 611 F.3d at 633 (28 U.S.C. § 1292(b) is a "narrow exception to the final
7 judgment rule"); *United States v. Alvarez-Moreno*, 657 F.3d 896, 899 (9th Cir. 2011)
8 (describing the collateral order doctrine as "a narrow exception to the final judgment
9 rule[]") (internal quotation marks and citation omitted). And, one of the underlying
10 policies of both is the avoidance of piecemeal litigation. *See Gelboim v. Bank of America*
11 *Corp.*, ___ S.Ct. ___, 2015 WL 248558, at *6 n. 5 (Jan. 21, 2015) ("In delineating the
12 narrow scope of the 'collateral-order' doctrine, [the Supreme Court] ha[s] cautioned
13 against permitting piecemeal, prejudgment appeals."); *Dukes v. Wal-Mart Stores, Inc.*,
14 2012 WL 6115536, at *1 (N.D.Cal. Dec. 10, 2012) ("*Dukes II*") ("Congress provided a
15 limited exception to the historic policy against piecemeal appeals in 28 U.S.C. §
16 1292(b)[.]") Thus, given these similarities, it is logical to extend the *Baldridge* rationale
17 to a section 1292(b) motion such as Caremark's.

18 In sum, the Court agrees with the weight of authority that FSLA conditional class
19 certification orders do not involve controlling questions of law. Hence, they are not
20 appealable under 28 U.S.C. § 1292(b). Although not dispositive, the Court observes that
21 this holding is in keeping with the Ninth Circuit's stated view that class certification
22 orders do not present controlling questions of law. *See Blackie v. Barrack*, 524 F.3d 891,
23 898 n. 13 (9th Cir. 1975) (citing Note, Interlocutory Appeals in the Federal Courts Under
24 28 U.S.C. s 1292(b), 88 Harv.L.Rev. 607, 630-631 n. 97 (1975) ("Generally an order
25 granting class action status does not involve a controlling question of law when entered
26 because it has no significant effect on the litigation until issues not pertaining to the
27 personal claims of the class representative have to be decided.")

28 **2. "Materially Advance Ultimate Termination of Litigation"**

"The third requirement for an interlocutory appeal—that the appeal must be likely to materially speed the termination of the litigation—is closely linked to the question of whether an issue of law is 'controlling,' because the district court should consider the effect of a reversal on the management of the case." *L.H. Meeker v. Belridge Water Storage District*, 2007 WL 781889, at *6 (E.D.Cal. March 13, 2007) (citing *In re Cement*, 673 F.2d at 1026); *see also Pacific Lumber*, 2004 WL 838160, at *3 n. 7 (A "court must assess whether immediate appellate reversal will speed the outright disposition of [an] action (even if this conflates the 'controlling issue' analysis with the 'speed disposition' one.") Given this close link, the Court will address this element next before addressing the second element -- the existence of a substantial ground for difference of opinion.

In arguing that certification pursuant to section 1292(b) will materially advance the termination of this litigation, Caremark declares that such an appeal "could dramatically change the path of this case, essentially blazing a shortcut to its termination." Mot. (Doc. 52) at 9:19-20. Of course, this is speculation built upon several assumptions.[5] To the contrary, Plaintiffs assert that section 1292(b) certification will not materially advance the termination of this action because any decertification order will supersede the conditional class certification order. Not only that, Plaintiffs stress that Caremark's inevitable decertification motion will moot the issue it is seeking to certify "*regardless* of the outcome[]" of any appeal. Resp. (Doc. 55) at 12:17-18.

The Court finds persuasive the court's discussion and resolution of this issue, in a nearly identical context in *Lillehagen*, 2014 WL 20090311. In that FLSA case, the defendant employer sought to certify two issues to the Ninth Circuit. The first was

---

[5] The first is that assuming *arguendo* this Court were to certify an interlocutory appeal, the Ninth Circuit would as well. Then, Caremark next assumes that it would prevail on appeal. Caremark further assumes that upon remand, this Court would, after considering its similarly situated evidence, deny conditional class certification altogether. Or, at the very least it assumes the Court would authorize notice to a "smaller group" of putative plaintiffs, and perhaps even "no putative group[,]" mean[ing] that the case would [end] much more quickly[.]" *See* Mot. (Doc. 52) at 10:3-5.

- 11 -

whether the two-step approach for conditional class certification "remain[ed] appropriate[;]" and second, whether "the 'fairly lenient' standard applied by the Court . . . remain[ed] the appropriate burden[.]" *Id.* at *2. Denying section 1292(b) certification, the court held that an "immediate appeal [of those issues] would not materially advance the ultimate termination if the litigation." *Id.* at *7.

In reaching that conclusion, the court acknowledged that "'if the present appeal promises to advance the time for trial or to shorten the time required for trial, appeal is appropriate.'" *Id.* (quoting *Dukes v. Wal–Mart Stores*, . . . , 2012 WL 6115536, at *5 (N.D.Cal. Dec.10, 2012) . . . (citing Charles Alan Wright et al., *16 Fed. Prac. & Proc.* § 3930 at n. 39 (2d ed.); *see also In re Cement Antitrust Litig.*, 673 F.3d at 1027). "On the other hand, immediate appeal may be inappropriate where '"there is a good prospect that the certified question may be mooted by further proceedings."' *Id.* (quoting *Dukes II*, 2012 WL 6115536, at *5 (citing *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002); *Oneida Indian Nation of N.Y. State v. Oneida Cnty.*, 622 F.2d 624, 628–29 (2d Cir. 1980); *United States v. Rent—A—Homes Sys. of Ill., Inc.*, 602 F.2d 795, 797 (7th Cir. 1979)). "Additionally," the *Lillehagen* court noted that "where 'a substantial amount of litigation remains in th[e] case regardless of the correctness of the Court's ruling . . . arguments that interlocutory appeal would advance the resolution of th[e] litigation are unpersuasive.'" *Id.* (quoting *Friedman v. 24 Hour Fitness USA, Inc.*, . . . , 2009 WL 545783, at *2 (C.D.Cal. Mar. 3, 2009)) (other citation omitted).

Based upon the foregoing, the *Lillehagen* court reasoned that "a substantial amount of litigation still remains and the certified question may very well be mooted with the second stage of FLSA certification, where collective plaintiffs would be subjected to a more stringent inquiry." *Id.* (citing *Dukes II*, 2012 WL 6115536, at *5; *Friedman*, 2009 WL 545783, at *2). Recognizing that it "could stay the collective certification proceedings while an interlocutory appeal proceeded," the *Lillehagen* Court found it " is far from clear—and in the Court's view doubtful—whether the total burdens of litigation on parties and the judicial system would be lessened by such a course." *Id.* In that same

pragmatic vein, the Court found that "[w]here the issue of relative efficiency is a toss-up, this Court sees no value in encouraging parties to litigate requests for interlocutory appeal when the decertification stage of the collective action may well, as a practical matter, lead to the same result." *Id.* (citing *Dukes II*, 2012 WL 6115536, at *5 (finding that an interlocutory appeal would not "materially advance the ultimate termination of the litigation" on similar grounds)).

The Court adopts this sound reasoning and finds that an interlocutory appeal of its conditional class certification order would not materially advance the ultimate termination of this litigation. Bolstering this conclusion is that such an appeal may actually delay the resolution of this litigation. *See Rieve v. Coventry Health Care, Inc.*, 870 F.Supp.2d 856, 880 (C.D.Cal. 2012) (internal quotation marks and citations omitted) ("[W]here the Court concludes certification would actually delay the resolution of the litigation, certification is not appropriate."). Compounding the potential for delay is the fact that Caremark also is seeking a stay pending any interlocutory appeal. *See Long*, 2013 WL 3761078, at *4 ("Defendant's representation . . . that it would seek a stay of the underlying proceeding while it pursues appeal only exacerbates the delay inherent in interlocutory appeal" of order granting conditional certification in FLSA action.) Finally, the Court observes that if the Court of Appeals agrees that conditional class certification was proper here, then certification would have not materially advance the termination of this litigation. Rather, it would have delayed the progress of this action and its ultimate termination.

### 3. "Substantial Ground for Difference of Opinion"

Because the Court is convinced that Caremark's motion does not present a controlling issue of law, and that certification of an interlocutory appeal would not materially advance the termination of this litigation, there is no need to address whether substantial grounds for a difference of opinion exists. There is no need to address this element of 28 U.S.C. § 1292(b) because to obtain certification thereunder, a party must establish all three statutory elements. And, as outlined above, Caremark has not met the

first and third of those elements.

To conclude, for the reasons set forth herein, and mindful that 28 U.S.C. § 1292(b) must be "construed narrowly" and "applied sparingly," the Court denies Caremark's motion to amend the Court's December 27, 2014 Order to certify it for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Indeed, certifying an interlocutory appeal of this Court's order granting FLSA conditional class certification and distribution of notice would directly contravene the principle that only "exceptional situations" warrant such certification.

### C. Stay

The denial of Caremark's motion to an interlocutory appeal renders moot the second part of its motion seeking a stay pending such an appeal. The Court therefore denies that aspect of Caremark's motion as well.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED DENYING** defendant Caremark LLC's "Motion to Amend Motion to (1) Amend the Court's December 17, 2014 Order to Certify it for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and (2) Stay the Action Pending Interlocutory Appeal" (Doc. 52); and

**IT IS FURTHER ORDERED** that within **fourteen (14) days** from the date of entry of this Order, plaintiff Villarreal shall by first class mail provide Notice of this action and the Plaintiff Consent Form in the form Notice and Plaintiff Consent Form as modified by this Court in its December 17, 2014 Order (Doc. 49).

Dated this 2nd day of February, 2015.

_____
Honorable Diane J. Humetewa
United States District Judge